UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ERIC SANDLES,

      Plaintiff,

                                   Case No. 03-71438

v.

                                   Honorable Patrick J. Duggan

AGENT CALAHAN, *et al.*,

      Defendants.

_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_August 2, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

John Eric Sandles ("Plaintiff") filed this *pro se* civil rights action pursuant to 42

U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,

403 U.S. 388, 91 S. Ct. 1999 (1971).  The Court dismissed the Complaint in an order dated

January 12, 2009.  Presently before the Court is Plaintiff's motion to reopen the case, filed

on May 18, 2012.  Also before the Court is Plaintiff's "motion to remand," which he asks

the Court to construe as a motion for reconsideration of an earlier order dismissing certain

claims pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court is dispensing with oral argument

pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and for the reasons set forth

below, denies these motions.

## I. Background

This civil rights action arises from Plaintiff's trial and conviction on the charge of bank robbery, in violation of 18 U.S.C. § 2113(a).  Plaintiff was convicted of this offense after a December 2001 jury trial in the Eastern District of Michigan before District Judge George Caram Steeh.  In November 2002, Plaintiff was sentenced to imprisonment for 151 months and assessed restitution in the amount stolen from the bank.

Plaintiff appealed his conviction, and while Plaintiff's appeal was pending, he filed this *pro se* civil rights action.  The Complaint names twenty-four defendants, including federal agents, prosecutors, court officials, attorneys, and witnesses.  Plaintiff seeks to recover damages for alleged misconduct in connection with his arrest, detention, and trial. As Plaintiff is proceeding *in forma pauperis*, the Court is required to dismiss any frivolous or malicious claims.  *See* 28 U.S.C. § 1915(e)(2)(B).  In an Opinion and Order dated June 24, 2003, the Court dismissed the Complaint without prejudice for two reasons: (1) Plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), because he had not demonstrated that his conviction had been reversed; and (2) Plaintiff had failed to plead exhaustion of administrative remedies.  The Court entered a judgment in the defendants' favor that same day.

The Sixth Circuit subsequently reversed Plaintiff's conviction, concluding that the government had failed to introduce competent evidence regarding whether the bank's deposits were insured by the Federal Deposit Insurance Corporation.  *United States v. Sandles*, 469 F.3d 508, 516-17 (6th Cir. 2006).  The Court of Appeals therefore remanded the case for a new trial.

Plaintiff eventually moved to reopen this civil rights action. The Court granted his motion in an order dated April 1, 2008. The Court concluded that Plaintiff's conviction had been reversed, and therefore, *Heck* no longer barred his claims. The Court also noted that the Complaint could no longer be summarily dismissed for failure to plead exhaustion of administrative remedies, pursuant to the United States Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007).

The Court again considered whether the Complaint contained frivolous or malicious claims that should be dismissed *sua sponte*. The Court dismissed as frivolous Plaintiff's claim of a wide-ranging conspiracy including a judge, federal prosecutors, defense attorneys, court staff, federal agents, and witnesses. The Court dismissed as defendants Judge Steeh, his deputy clerk, the Assistant United States Attorney who prosecuted Plaintiff, and a government witness, concluding that these defendants were entitled to immunity. The Court also dismissed Judge Steeh's court reporter and a number of attorneys who had represented Plaintiff at various points in the criminal proceedings, after finding that Plaintiff had failed to state claims against these defendants under § 1983. The Court dismissed the official-capacity claims against the federal officials on grounds of sovereign immunity. At the conclusion of this order, the Court directed Plaintiff to provide within sixty days the full names and addresses of the unnamed United States Marshals sued in his Complaint, as well as 13 copies of the Complaint so that the Court could direct service upon the remaining defendants. The Court indicated that "[f]ailure to submit the required copies will result in the dismissal of the complaint."

The April 1, 2008 order was mailed to the last address provided by Plaintiff, which

3

was at the Federal Correctional Institution in Milan, Michigan.  The Court received no

response.  On January 12, 2009, the Court entered an order dismissing the Complaint.  The

order of dismissal was returned to the Court undelivered, with the envelope bearing a

sticker indicating that Plaintiff was not located at the institution.  *See* Dkt. #20.

    More than three years later, on May 18, 2012, Plaintiff filed a motion to reopen this

case.  He argues that through no fault of his own, he was not notified of the Court's order,

and should be permitted to pursue his action against the defendants.  Plaintiff has included

with his motion a pleading styled as a "motion to remand."   The Court believes that he is

asking for this pleading to be construed as a motion for reconsideration of the Court's

rulings in the April 1, 2008 order dismissing certain claims and defendants.

## II. Discussion

    The Court's June 24, 2003 judgment in defendants' favor has not been vacated.  The

Court therefore construes Plaintiff's "motion to reopen" as a motion for relief from this

judgment pursuant to Federal Rule of Civil Procedure 60(b).  Rule 60 provides that the

Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation,
> or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an
> earlier judgment that has been reversed or vacated; or applying it prospectively
> is no longer equitable; or
> (6) any other reason that justifies relief.

A motion under Rule 60(b), however, must be made "within a reasonable time - and for

4

reasons (1), (2), and (3) no more than one year after entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). Plaintiff's motion, filed more than three years after the judgment, would therefore be untimely under Rule 60(b)(1).

The Court believes that Plaintiff's motion could also fall under Rule 60(b)(6). Yet the Supreme Court has held that relief under Rule 60(b)(6) requires the movant to show "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641, 2649 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199, 71 S. Ct. 209, 212 (1950)). Under Sixth Circuit precedent, the reasonable time requirement applies to a motion under Rule 60(b)(6). *Thompson v. Bell*, 580 F.3d 423, 443 (6th Cir. 2009). "What constitutes a reasonable time depends on the facts of each case." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006). Factors to be considered include the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). "Although the Federal Rules do not mandate the specific time by which the motion must be filed, a movant's lack of diligence can detract from the extraordinariness of the circumstance." *Thompson*, 580 F.3d at 443 (citing *Gonzalez*, 545 U.S. at 537-38, 125 S. Ct. at 2651). "'The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts.'" *Id.* at 442 (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefits Fund*, 249 F.3d 519, 529 (6th Cir. 2001)).

5

Plaintiff cannot show the sort of extraordinary circumstances that would justify relief under Rule 60(b)(6). He apparently did not receive the Court's April 1, 2008 order and the order dismissing this suit because he failed to provide the Court with an updated address. Plaintiff was undeniably aware of his obligations in this regard, as he had provided the Court with notices of changes in his address in 2004 and 2007. Moreover, unlike some *pro se* litigants, Plaintiff is well acquainted with the federal courts, having filed more than 80 federal cases since 1995.[1] *See* Magistrate Judge's Report and Recommendation at 2, *Sandles v. United States*, No. 07-15066, Dkt. #7 (E.D. Mich. Jan. 4, 2008). Plaintiff's failure to provide an updated address after 2007 can only be characterized as neglect, and is not extraordinary in any sense.

The length of the delay here also weighs against granting relief. It does not appear that Plaintiff made any inquiry regarding his case until more than three years after the Court's order of dismissal was entered. Prior to the dismissal, Plaintiff's last filing with the Court in this case was in November 2007. The Court does not believe that Plaintiff has diligently pursued his claims. The Court also notes that the Sixth Circuit has found similar delays unreasonable in the context of a Rule 60(b) motion. *See Blachy v. Butcher*, 129 F. App'x 173, 179 (6th Cir. Apr. 12, 2005) (three-year delay); *Ohio Cas. Ins. Co. v. Pulliam*, No. 96-6522, 1999 U.S. App. LEXIS 14136, at *10 (6th Cir. June 23, 1999) (three-year delay). The Court does not believe that the circumstances of this case justify extraordinary

---

[1] Many of Plaintiff's past filings have been deemed frivolous. For this reason, Plaintiff is currently enjoined from filing future actions without first seeking leave of the court. *See* Order, *Sandles v. United States*, No. 07-15066, Dkt. #8 (E.D. Mich. Jan. 4, 2008).

relief under Rule 60(b)(6).

### III. Conclusion

The Court concludes that Plaintiff's motion fails to provide sufficient grounds for granting relief from the judgment.  For this reason, the Court shall deny the motion to reopen this case.  Because Plaintiff's "motion to remand" addresses the Court's dismissal of specific claims and defendants in this action, it is properly denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to reopen this case is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's "motion to remand" is **DENIED AS MOOT**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

John Eric Sandles
7266 Winthrop
Detroit, MI 48226